Filed 11/17/25  P. v. Perkins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AUSTIN RYAN PERKINS,<br><br>    Defendant and Appellant. | C102680<br><br>(Super. Ct. No. CRF231936) |

Appointed counsel for defendant Austin Ryan Perkins asks this court to review the record in this case and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Our independent review of the record discloses that the trial court inadvertently failed to dismiss one of the charged counts after accepting Perkins's no contest plea to the remaining counts.  We shall modify the judgment to reflect dismissal of that count.  We shall further direct the trial court to amend the abstract of judgment and the clerk's minutes dated October 14, 2024, to: (1) reflect court operations assessments totaling $80 and criminal conviction assessments

1

totaling $60; (2) indicate that local conduct credits were calculated pursuant to Penal Code section 2933.1[1]; and (3) include the executed $300 probation revocation restitution fine.  In all other respects, we affirm the judgment as modified.

BACKGROUND

On January 30, 2023, two children spoke with a police deputy concerning an incident that had occurred six months prior.  The children told the deputy that Perkins was caring for them and their four-year-old brother while their mother was out on an errand.  Perkins entered a room where all three children were on a bed.  He exposed his genitals to one of the children and demanded that she touch him.  The child refused.  Shortly thereafter, one of the children saw Perkins on his hands and knees with his pants down in the living room having sexual intercourse with the family's pit bull.  The child quickly exited the apartment.  One of the children also informed a victim services advocate of an incident two years prior where Perkins had rubbed the child's thigh.  The child pointed a BB gun at Perkins and told him to stop.

Perkins was charged with committing a lewd act upon a child (§ 288, subd. (a)—count I), attempting to commit a lewd act upon a child (§ 664/288, subd. (a)—count II), and sexual contact with an animal (§ 286.5, subd. (a)—count III).  Perkins pled no contest to counts I and III in exchange for a grant of probation and the dismissal of count II.  The trial court made an unusual case finding and granted probation.  The clerk's minutes dated February 5, 2024, reflect that the remaining count was dismissed; however, the reporter's transcript of the sentencing hearing on that date does not indicate any such dismissal.  The court imposed a restitution fine (§ 1202.4, subd. (b)) and imposed and suspended a probation revocation restitution fine (§ 1202.44).  The court also imposed

---

[1] Undesignated statutory references are to the Penal Code.

2

$80 in court operations assessments (§ 1465.8, subd. (a)) and $60 in criminal conviction assessments (Gov. Code, § 70373).

On August 7, 2024, a probation officer petitioned to have Perkins's probation revoked. The petition alleged that Perkins violated the terms of his probation in several respects, including by unlawfully using or being under the influence of methamphetamine. Perkins admitted to the violation of probation in exchange for the dismissal of a separate misdemeanor case.

The trial court sentenced Perkins to the lower term of three years for committing a lewd act upon a child and a concurrent term of six months for sexual contact with an animal. The court specified that the previously imposed $300 restitution fine remained in effect, executed the $300 probation revocation restitution fine, and imposed and suspended a $300 parole revocation restitution fine. In determining custody credits, the court stated that local conduct credits were calculated pursuant to section 2933.1.

The abstract of judgment and the clerk's minutes dated October 14, 2024, reflect a $300 restitution fine, a $300 parole revocation restitution fine, a $40 court operations assessment, and a $30 criminal conviction assessment. However, neither the abstract of judgment nor the clerk's minutes indicate that local conduct credits were calculated pursuant to section 2933.1 or reflect the executed $300 probation revocation restitution fine.

Perkins timely appealed in December 2024, and the trial court granted a certificate of probable cause. His *Wende* brief was filed in July 2025, and this case became fully briefed on August 25, 2025.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Perkins was advised by counsel of his right to file a supplemental brief within 30 days from the date

3

the opening brief was filed. More than 30 days have elapsed, and Perkins has not filed a supplemental brief.

After examining the record, we have discovered an error in the judgment. Although dismissal of count II was contemplated by the parties as part of the plea agreement, the trial court inadvertently failed to dismiss this count. Because the "court may not proceed as to the plea other than as specified in the [approved] plea" (§ 1192.5, subd. (b)), the court's silence at the sentencing hearing regarding dismissal of count II was not an exercise of judicial discretion but rather a clerical error in the record of judgment. (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

This reading of the record is supported by the clerk's minutes dated February 5, 2024, which reflect that the remaining count was dismissed. However, "[t]he record of the oral pronouncement of the court controls over the clerk's minute order" (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2), which may not modify the judgment it purports to digest. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Because the failure to dismiss count II appears to have been an inadvertent omission, and because the clerk's minutes did not correct this error, we shall modify the judgment to reflect dismissal of count II as contemplated by the parties. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 80 [parties must abide by the terms of the plea agreement, including the dismissal of other counts].)

We have also identified several clerical errors in the abstract of judgment and the clerk's minutes dated October 14, 2024, that warrant correction. First, these documents inaccurately list the court operations assessment as $40 and the criminal conviction assessment as $30, even though the trial court correctly imposed those assessments as $80 and $60, respectively. (See § 1465.8, subd. (a)(1) ["an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense"]; Gov. Code, § 70373, subd. (a)(1) ["an assessment shall be imposed on every conviction for a criminal offense . . . in the amount of thirty dollars ($30) for each misdemeanor or felony"].) Second, both the abstract of judgment and the clerk's minutes fail to (1) indicate that local conduct

4

credits were calculated pursuant to section 2933.1 and (2) reflect the executed $300 probation revocation restitution fine.  We direct the trial court to amend the abstract of judgment and the clerk's minutes dated October 14, 2024, to correct these clerical errors.

## DISPOSITION

The judgment is modified to dismiss count II.  As modified, the judgment is affirmed.  The trial court is directed to amend the abstract of judgment and the clerk's minutes dated October 14, 2024, to:  (1) reflect court operations assessments totaling $80 and criminal conviction assessments totaling $60; (2) indicate that local conduct credits were calculated pursuant to section 2933.1; and (3) reflect the executed $300 probation revocation restitution fine.  The court shall then forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                         /s/
                                 BOULWARE EURIE, J.


We concur:


     /s/
DUARTE, Acting P. J.


     /s/
FEINBERG, J.